THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUISE B. THOMPSON, | CASE NO. C18-0822-JCC |
| Plaintiff, | ORDER |
| v. | |
| HAL NEDERLAND N.V., a Curacao corporation, *et al*., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to compel discovery (Dkt. No. 15) and Defendants' request for a protective order (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiff's motion to compel (Dkt. No. 15) and GRANTS in part and DENIES in part Defendants' request for a protective order (Dkt. No. 21) for the reasons explained herein.

**I.     BACKGROUND**

Plaintiff brought suit against Defendants for injuries she sustained while aboard the ms NOORDAM, a passenger cruise ship vessel owned and operated by Defendants. (Dkt. No. 1.) Plaintiff alleges that Defendants negligently maintained an unsafe and hazardous metal transition plate over a carpet in a hallway and negligently failed to provide adequate warning about the

hazardous condition, which caused Plaintiff's injuries. (*Id.*)

On August 27, 2018, Plaintiff propounded discovery requests upon Defendants. (Dkt. No. 15.) Plaintiff's Interrogatory No. 1 requested that Defendants "[i]dentify all lawsuits, claims, or reports of injury . . . filed or asserted in the last ten years against [Defendants] . . . for injuries which have occurred crossing thresholds substantially similar to the type where Plaintiff's injury occurred . . . throughout the Holland America Line fleet," including injuries that did not result in a claim or lawsuit. (*Id.*)[1] Plaintiff's Request for Production No. 3 requested all reports, witness statements, or other descriptions related to lawsuits, claims, or reported injuries identified by Defendants' response to Interrogatory No. 1. (*Id.*) Defendants objected to the interrogatory and request for production as overbroad, unduly burdensome, seeking confidential information, and not reasonably calculated to lead to the discovery of admissible evidence. (Dkt. Nos. 21, 23-1.) Defendants stated that they were aware of three incidents that had occurred on the NOORDAM in the three years prior to Plaintiff's injury, and attached redacted reports of the incidents to their response. (Dkt. Nos. 21, 23-1.)

The parties have been unable to resolve their dispute regarding Defendants' obligation to respond to Plaintiff's discovery requests. (*See* Dkt. Nos. 20, 23-2.) Plaintiff now moves the Court to compel Defendants to respond to Interrogatory No. 1 and Request for Production No. 3. (Dkt. No. 15.) In their opposition to Plaintiff's motion, Defendants move for a protective order limiting the scope of Plaintiff's discovery requests to pertain only to the NOORDAM and to incidents occurring in the past three years, pursuant to Federal Rule of Civil Procedure 37(a)(5). (Dkt. No. 21.)

## II. DISCUSSION

In a claim of negligence under maritime law, a plaintiff must prove duty, breach,

---

[1] In her motion to compel, Plaintiff notes that Interrogatory No. 1's reference to "thresholds substantially similar to the type where Plaintiff's injury occurred" is intended to pertain to "the metal threshold shown as exhibits to the Carlton Tew declaration." (Dkt. No. 15 at 5; *see* Dkt. No. 18.)

causation, and damages. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001). The owner of a ship in navigable waters owes a duty of reasonable care under the circumstances of each case to those on the ship. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). "Where the condition constituting the basis of the plaintiff's claim is not unique to the maritime context, a carrier must have 'actual or constructive notice of the risk-creating condition' before it can be held liable." *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). When evaluating proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Discovery may be limited if the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). The objecting party has the burden of establishing when limiting discovery is appropriate. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C).

Although the Court strongly disfavors discovery motions, if the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to issue an order to compel. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). On a motion to compel, the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017).

The discovery sought by Plaintiff is relevant to the issues of establishing the duty Defendants owed to Plaintiff and whether Defendants breached that duty. *See Morris*, 236 F.3d at 1070. The discovery may also be relevant to establishing the degree of reasonable care

Defendants owed Plaintiff under the circumstances of this particular case, and whether Defendants had actual or constructive notice of the allegedly hazardous condition. *See Kermarec*, 358 U.S. at 632; *Samuels*, 656 F.3d at 953. Evidence of similar incidents that occurred aboard the NOORDAM over the past 10 years would be proportional to the needs of the case, as those incidents are relevant to what will likely be central issues in the case, the records are in Defendants' exclusive control, and the corporate Defendants' resources likely outweigh that of the individual Plaintiff. Fed. R. Civ. P. 26(b)(1).

But evidence of similar incidents that occurred aboard other ships of Defendants' fleet over the past 10 years are not proportional to the needs of the case, as such evidence's relevance is substantially lower than evidence of incidents on the NOORDAM. Also, it would be cumulative and duplicative of the evidence concerning incidents occurring on the NOORDAM over the past 10 years. Fed. R. Civ. P. 26(b)(2)(C)(i). Thus, Plaintiff has carried her burden of establishing that evidence of similar incidents that have occurred on the NOORDAM over the past 10 years is relevant and proportional to the needs of the case, and Defendants have carried their burden of establishing that evidence of similar incidents that have occurred on other ships in Defendants' fleet over the past 10 years is cumulative and duplicative. Therefore, Plaintiff's motion to compel is GRANTED in part and DENIED in part.

Defendants request a protective order limiting Plaintiff's discovery requests to three years of records for incidents that occurred on the NOORDAM alone. (Dkt. No. 21 at 7.) The Court may issue a protective order authorized under Federal Rule of Civil Procedure 26(c) if a motion to compel is denied or granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(B)–(C); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). Based on the preceding analysis, the Court GRANTS in part and DENIES in part Defendant's request for a protective order, and ENTERS the protective order attached to this order as Exhibit 1.

//

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery (Dkt. No. 15) is GRANTED in part and DENIED in part. Defendants' request for a protective order (Dkt. No. 21) is GRANTED in part and DENIED in part. The Court ENTERS the protective order attached to this order as Exhibit 1. Defendant is ORDERED to produce responsive discovery within 14 days of the date this order is issued.

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUISE B. THOMPSON, | CASE NO. C18-0822-JCC |
| Plaintiff, | PROTECTIVE ORDER |
| v. | |
| HAL NEDERLAND N.V., *et al.*, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c), it is ORDERED as follows:

1. Plaintiff's Interrogatory No. 1 is limited in scope as follows: "Identify all lawsuits, claims, or reports of injury (by name of plaintiff or claimant, address, and telephone number of plaintiff's counsel) which have been filed or asserted in the last ten years against defendant or defendants seeking to recover for injuries which have occurred crossing thresholds substantially similar to the type where Plaintiff's injury occurred on the ms NOORDAM on June 26, 2017. This interrogatory is limited to incidents occurring aboard the ms NOORDAM. This interrogatory is not restricted to injuries which have resulted in claims or lawsuit. This interrogatory includes all injuries reported to have

occurred crossing substantially similar thresholds whether or not a claim was made or a lawsuit was filed."

DATED this 20th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE